UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BENJAMIN TORRES,<br><br>                    Petitioner,<br><br>       v.<br><br>DUCART,<br><br>                    Respondent. | No.  2:16-cv-0812 KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2011 conviction in the San Joaquin County Superior Court.  Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).  Petitioner has now filed an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondents' counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises the following claims in his petition: the trial court abused its discretion by ordering further deliberations in violation of the Sixth and Fourteenth Amendments; multiple claims that defense counsel was ineffective, in violation of the Sixth Amendment, by failing to present expert testimony on the eyewitness misidentification, conduct pretrial investigation, locate alibi witnesses, conduct any discovery, subpoena mug shots of other suspects with face tattoos similar to petitioner's, and prosecutorial misconduct. (ECF No. 1.) In his pleading, petitioner also claims that he is "filing a state habeas corpus to my superior court at the same time

1  as this one. This is a 'protective' federal petition." (ECF No. 1 at 3.) Petitioner asks the court to
2  stay the federal petition under Rhines v. Weber, 544 U.S. 269 (2005).

3  In his direct appeal, petitioner raised an ineffective assistance of counsel claim alleging
4  that defense counsel failed to offer an expert on the fallibility of eyewitness identification; the
5  trial court erred in the handling of a deadlocked jury; the trial court erred in imposing a 10-year
6  enhancement based on a finding that a principal personally used a firearm in committing one of
7  the robberies; and the 15-year-to-life sentence on the conviction for kidnapping to commit
8  robbery should have been stayed under California Penal Code Section 654. People v. Raymond
9  Michael Torres, et al., Case No. C068523 (Cal. Ct. Appeal, 3rd App. Dist. (Dec. 3, 2014)).

10 After reviewing the petition, the court finds that petitioner failed to exhaust state court
11 remedies as to all of his ineffective assistance of counsel claims, with the exception of the
12 eyewitness expert, as well as his claim concerning prosecutorial misconduct. As set forth above,
13 this court may not address the merits of a petition for writ of habeas corpus unless petitioner has
14 exhausted state court remedies with respect to each of his federal claims. Rose, 455 U.S. at 509;
15 28 U.S.C. § 2254(b)(1). However, a habeas petitioner may request that a federal action be stayed
16 to allow for exhaustion in state court.

17 Federal law recognizes two different procedures that a prisoner may use to stay a federal
18 habeas action. See Rhines, 544 U.S. at (2005) (staying timely mixed petition); Kelly v. Small,
19 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action
20 as to exhausted claims subject to potential later amendment of petition).[2]

---

21 [2] Under Kelly, the court may stay a petition setting forth only exhausted claims, to permit
22 exhaustion of additional claims with the intention that they will be added by amendment
   following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at
23 1063). If the instant petition was fully exhausted, petitioner could seek a stay-and-abeyance order
   to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has
24 warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his
   unexhausted claims back into his federal petition once he has exhausted them only if those claims
25 are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under
   the now-applicable legal principles." King, 564 F.3d at 1140-41. If a petitioner's newly-
26 exhausted claims are untimely, he will be able to amend his petition to include them only if they
27 share a "common core of operative facts" with the claims in the original federal petition. Thus,
   the Kelly approach is riskier for petitioners in that the timeliness of the new claims will depend on
28 whether they "relate back" to the original, timely filed claims. King, 564 F.3d at 1142, citing

Here, petitioner seeks a stay under Rhines. A district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278. The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

"Good cause" under Rhines is not clearly defined. The Supreme Court has explained that in order to promote the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace, where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024. In 2014, the Ninth Circuit clarified that "[t]he good cause element is the equitable

---

Mayle v. Felix, 545 U.S. 644 (2005).

component of the Rhines test," and that although "a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Therefore, petitioner must file a request to stay the petition and address all three of the Rhines conditions discussed above. Unless petitioner files such a request to stay this action, the court must dismiss the unexhausted claims and proceed solely as to the exhausted claims.

Petitioner is cautioned that if he fails to respond to this order, the court will dismiss petitioner's unexhausted claims without prejudice, and this action will proceed solely on the exhausted claims.[3]

In accordance with the above, IT IS HEREBY ORDERED that

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted;

2. Within thirty days from the date of this order, petitioner shall file a request for stay. If petitioner seeks to stay this action under Rhines, he must address the three Rhines conditions set forth above. Failure to file a request for stay in compliance with this order will result in an order dismissing petitioner's unexhausted claims, and this action will proceed solely on petitioner's exhausted claims.

Dated:  June 23, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

torr0812.sty.fb

---

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).