UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BENJAMIN TORRES, | No. 2:16-cv-0812 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN DUCART, | |
| Respondent. | |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). As set forth in the June 23, 2016 order, petitioner filed a "protective petition" as contemplated under Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), and sought to stay this action pending exhaustion. (ECF No. 7 at 3.) The court informed petitioner as to the two different procedures that a prisoner may use to stay a federal habeas action, and what was required under both procedures. (ECF No. 7.) On July 25, 2016, petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines").

However, in his one page request for a stay under Rhines, petitioner failed to address the elements required. As petitioner was previously informed, under Rhines, a district court may stay a mixed petition if the following conditions are met:  (1) "the petitioner had good cause for his

1

failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.  Petitioner must address each of these three elements in order for the court to determine whether a stay under Rhines is appropriate.  (ECF No. 7 at 4-5.)

In his request, petitioner seeks a stay in order to avoid an untimeliness bar, and notes that his state habeas petition is pending in the state appellate court, and provides a copy of the petition.  However, petitioner does not explain his failure to earlier pursue the unexhausted claims, whether the claims have merit, or otherwise explain the delay in pursuing such claims.  Petitioner provided a copy of his letter to counsel concerning claims that counsel failed to pursue on petitioner's behalf.  (ECF No. 8 at 4-7.)  However, the letter is dated January 22, 2013, before petitioner's conviction was affirmed on direct appeal.  People v. Raymond Michael Torres, et al., Case No. C068523 (Cal. Ct. Appeal, 3rd App. Dist. (Dec. 3, 2014)).

The Supreme Court has made clear that a stay under Rhines "should be available only in limited circumstances." Id. at 277.  Thus, petitioner must address the three elements of Rhines.  Because petitioner did not comply with Rhines or this court's prior order, his motion to stay is denied without prejudice to its renewal.  This court confirmed that petitioner's state habeas petition is pending in the California Court of Appeal for the Third Appellate District, Case No. C080898, at the time the instant order was drafted.[1]  Once the state appellate court rules on the petition, petitioner should not delay seeking relief in the California Supreme Court.[2]

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for stay (ECF No. 8) is denied without prejudice.  Any renewed motion for stay shall be filed within thirty days from the

////

////

////

---

[1] California Courts, <http://appellatecases.courtinfo.ca.gov>, visited September 8, 2016.

[2] Petitioner is not required to await resolution of any motion for stay in this action before pursuing his remedies in state court to properly exhaust state court remedies.  In the event that petitioner exhausts any claims in the California Supreme Court prior to the resolution of any renewed motion for stay, petitioner is advised to file a notice of exhaustion in this court.

date of this order. Failure to seek such a stay will result in the dismissal of petitioner's unexhausted claims without prejudice, and the action will proceed solely on his exhausted claims.

Dated: September 9, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/torr0812sty.fb2