UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BENJAMIN TORRES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DUCART,<br><br>　　　　　Respondent. | No. 2:16-cv-0812 KJN P<br><br><br>ORDER |

　　　　Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Petitioner challenges his 2011 conviction in the San Joaquin County Superior Court. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On September 9, 2016, petitioner was granted thirty days in which to renew his motion for stay. Thirty days have now passed, and petitioner has not filed a motion for stay or otherwise responded to the court's order.

　　　　As petitioner was previously informed, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises the following claims in his petition: the trial court abused its discretion by ordering further deliberations in violation of the Sixth and Fourteenth Amendments; multiple claims that defense counsel was ineffective, in violation of the Sixth Amendment, by failing to present expert testimony on the eyewitness misidentification, conduct pretrial investigation, locate alibi witnesses, conduct any discovery, subpoena mug shots of other suspects with face tattoos similar to petitioner's, and prosecutorial misconduct. (ECF No. 1.)

In his direct appeal, petitioner raised an ineffective assistance of counsel claim alleging that defense counsel failed to offer an expert on the fallibility of eyewitness identification; the

2

trial court erred in the handling of a deadlocked jury; the trial court erred in imposing a 10-year enhancement based on a finding that a principal personally used a firearm in committing one of the robberies; and the 15-year-to-life sentence on the conviction for kidnapping to commit robbery should have been stayed under California Penal Code Section 654.  People v. Raymond Michael Torres, et al., Case No. C068523 (Cal. Ct. Appeal, 3rd App. Dist. (Dec. 3, 2014)).

After reviewing the petition, the court finds that petitioner failed to exhaust state court remedies as to all of his ineffective assistance of counsel claims, with the exception of the eyewitness expert, as well as his claim concerning prosecutorial misconduct.  Therefore, the pleading is a "mixed petition" containing both exhausted and unexhausted claims.  As set forth above, this court may not address the merits of a petition for writ of habeas corpus unless petitioner has exhausted state court remedies with respect to each of his federal claims.  Rose, 455 U.S. at 509; 28 U.S.C. § 2254(b)(1).

Because petitioner failed to renew his motion for stay, the mixed petition must be dismissed.  However,

> before the district court dismisses a mixed petition a petitioner must "be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013); see also Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005) ("This Court . . . has long held that . . . district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." (internal quotation marks omitted)).

Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc (June 24, 2014).

Accordingly, within thirty days from the date of this order, petitioner shall file an amended petition raising only exhausted claims.  Petitioner is cautioned that if he fails to respond to this order, the court will strike petitioner's unexhausted claims from the petition, and this action will proceed solely on the exhausted claims.[2]

---

[2] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

In accordance with the above, IT IS HEREBY ORDERED that within thirty days from the date of this order, petitioner shall file an amended petition raising only exhausted claims.

Dated: October 19, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/torr0812.103

---

Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).