UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BENJAMIN TORRES, | No. 2:16-cv-0812 KJN P |
| Petitioner, | |
| v. | ORDER |
| DUCART, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Petitioner is pursuing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

The court previously found that the instant petition contains both exhausted and unexhausted claims, a "mixed petition." Following multiple opportunities to seek a stay under Rhines v. Weber, 544 U.S. 269 (2005), petitioner was directed, on October 19, 2016, to file an amended petition raising only exhausted claims. Instead, on November 21, 2016, petitioner renewed his motion for stay. (ECF No. 11.) Petitioner claims that he has been pursuing his state habeas corpus action, moving up the ladder within the California appellate courts, and had submitted his habeas petition to the California Supreme Court to exhaust his claims. However, petitioner once again failed to address all of the conditions of Rhines, specifically failing to address the "good cause" condition, addressing petitioner's delay in exhausting such claims.

1

However, in the meantime, the California Supreme Court denied the habeas petition. <u>Torres (Vincent Benjamin) on Habeas Corpus</u>, No. S238475 (Cal. Jan. 11, 2017).[1]  Because the petition has been addressed, no stay is required.[2]

Because petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to petitioner's habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion for stay (ECF No. 11) is denied;

2.  Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order.  <u>See</u> Rule 4, 28 U.S.C. foll. § 2254.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition.  <u>See</u> Rule 5, 28 U.S.C. foll. § 2254;

3.  If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

4.  If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

////
////
////
////
////

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  <u>White v. Martel</u>, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

[2] This ruling does not address the application of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period.

5. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

Dated:  March 3, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/torr0812.100